1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11   MARIA TERESA G. MACAWILE AND        NO. 2:12-CV-00567-MCE-DAD
     ROBERT H. MACAWILE,
12
              Plaintiffs,
13
         v.                              <u>MEMORANDUM AND ORDER</u>
14
     PRO30 FUNDING, et al.,
15
              Defendants.
16

17                       ----oo0oo----

18

19        Before the Court is Defendant U.S. Bank N.A., as Trustee,

20   and Mortgage Electronic Registration Systems, Inc.'s Motion to

21   Dismiss Plaintiffs' Complaint (ECF No. 4) ("MTD").[1]  For the

22   reasons that follow, Defendants' Motion to Dismiss is GRANTED

23   with leave to amend.

24   ///

25   ///

26   _____

27        [1] Because oral argument would not be of material assistance,
     the Court ordered this matter submitted on the briefing.  E.D.
28   Cal. R. 230(g).

                              1

1

**BACKGROUND**[2]

2

3         In June 2006, Plaintiffs obtained, from defendant Pro30

4    Funding ("Pro 30"), first and second mortgages on real property

5    located in Sacramento, California.  (Compl. ¶¶ 4, 10 35.)  The

6    amount of the loan was apparently $384,000, although Plaintiffs

7    apparently deny that Pro 30 loaned them that specific amount and

8    contend the promissory note is a forgery.  (Id. ¶¶ 69-73.)  On or

9    about January 20, 2010, Plaintiffs defaulted on their loan.  (Id.

10   ¶ 47.)  At some point thereafter, a Notice of Default and Notice

11   of Trustee's Sale were apparently recorded.  (Id. ¶ 48.)

12       On or about December 7, 2011, Plaintiffs, at the time

13   proceeding pro se, filed suit against various mortgage business

14   related entities in Sacramento's Superior Court alleging:

15   (1) violation of the California Rosenthal Act; (2) negligence;

16   (3) breach of fiduciary duty; (4) fraud; (5) violations of Cal.

17   Bus. & Prof. Code § 17200; and (6) breach of the implied covenant

18   of good faith and fair dealing.[3]  (Id. at p. 1.)

19   ///

20   ///

21   ///

22

23       [2] The following facts are taken from Plaintiffs' Complaint
     (ECF No. 1, Ex. 1) ("Compl.") All page references to documents
     filed in this action will be to the Court's ECF pagination.  For
24   the purposes of this Motion, the Court accepts Plaintiffs' facts
     as true and makes all inferences in the light most favorable to
25   Plaintiffs.

26       [3] Plaintiffs are now represented by counsel.  Notably,
     Plaintiffs' counsel chose not to amend Plaintiffs' original
27   pro se complaint and filed an Opposition to Defendants' Motion to
     Dismiss in which counsel defended the sufficiency of that
28   complaint.

On March 2, 2012, Defendants removed on the basis of federal question jurisdiction – Plaintiffs' state law claims invoked various federal statutes – and they filed the instant Motion to Dismiss on March 9.[4]

## STANDARD FOR 12(b)(6) MOTION TO DISMISS

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 554-55 (2007) (internal citations and quotations omitted).

Though "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555 (internal citations and quotations omitted).

///

///

---

[4] Although Defendants are correct that Plaintiffs failed to timely file their Opposition (<u>see</u> ECF No. 8), the Court has nonetheless reviewed this document.

A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. <u>Id.</u> (citing 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Moreover, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." <u>Twombly</u>, 550 U.S. at 555, n.3 (internal citations omitted).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570; <u>see</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677-679 (2009). If the "plaintiffs .  . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." <u>Twombly</u>, 550 U.S. at 570; <u>Iqbal</u>, 556 U.S. at 680.

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Rule 15(a) empowers the court to freely grant leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ." <u>Foman v.</u> <u>Davis</u>, 371 U.S. 178, 182 (1962).  Leave to amend is generally denied when it is clear the deficiencies of the complaint cannot be cured by amendment.

///

1  <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir.

2  1992); <u>Balistieri v. Pacifica Police Dept.</u>, 901 F. 2d 696, 699

3  (9th Cir. 1990) ("A complaint should not be dismissed under Rule

4  12(b)(6) unless it appears beyond doubt that the plaintiff can

5  prove no set of facts in support of his claim which would entitle

6  him to relief.")(internal citations omitted).

7

8                              **ANALYSIS**

9

10      Although the Court takes into account Plaintiffs' pro se

11  status at the time they filed their Complaint in Sacramento's

12  Superior Court, the Court nevertheless holds that the Complaint

13  must be dismissed for failure to state a claim.  As stated above,

14  to survive a 12(b)(6) motion to dismiss, a Complaint must allege

15  sufficient facts that, taken as true, make a plausible showing

16  that the plaintiff is entitled to legal relief.  <u>Twombly</u>,

17  550 U.S. at 554-55; <u>Iqbal</u>, 556 U.S. at 677-679.

18      Here, Plaintiffs' Complaint contains eighty-six paragraphs

19  of "facts," followed by another fifty-eight paragraphs of legal

20  claims, but fails to provide virtually any information about the

21  specific parties or transactions at issue here, and the claims

22  against the Defendants appear to be baselessly accusatory and

23  conclusory.  At this time, the Court will not address the

24  specifics of Plaintiffs' factual allegations and causes of

25  action, as the Complaint simply fails to adhere to the basic

26  pleading requirements of Rule 8(a), as well as the heightened

27  pleading standard of 9(b), in almost every material respect.

28  ///

                                     5

As a general matter, Plaintiffs' fail to sufficiently state facts in support of any of their claims.[5]  In particular, they fail to allege critical facts concerning their loan transaction and subsequent servicing, such as the amount of the loan, the amount of their monthly loan payments, how and why they apparently defaulted on that loan, what the current status of the property is, and whether they ever tendered payment.[6] Furthermore, the Complaint raises various conclusory allegations about "foreclosure mills" (Compl. ¶ 13), "robo-signers" (id. ¶ 38), and the securitization of loans nationwide (see, e.g., id. ¶¶ 28-62), but it fails to sufficiently tie these accusations to specific actions taken by the specific defendants sued herein.

---

[5] Notably, Plaintiffs have also not included any documents that might support their claims as exhibits to their Complaint. Defendants, however, have attached several relevant documents and ask this Court to take judicial notice of them.  Pursuant to Federal Rules of Evidence 201(b) (authorizing judicial notice of adjudicative facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned"), Defendants request the Court take judicial notice of several documents. (Request for Judicial Notice ("RJN") (ECF No. 5, Exs. A-HB.) Specifically, Defendants ask the Court to take judicial notice of: (1) Deeds of Trust signed by Plaintiffs in June 2006 (Exs. A and B); (2) The Assignment of Deed of Trust and Substitution of Trustee recorded April 5, 2010 (Exs. C and D); (3) Notices of Default recorded in January 2010 (Exs. E and F); and (4) Notices of Trustee's Sale recorded in April 2010. Defendants' requests are unopposed and are the proper subject of judicial notice. See, e.g., Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1040 (E.D. Cal. 2009); Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (court may take judicial notice of matters of public record). Accordingly, Defendants' Request for Judicial Notice (ECF No. 5) is granted.

[6] Plaintiffs' Complaint appears to be a form complaint, into which certain information relevant to the present parties has been added.  This may account for why references to federal statutes, such as the Truth in Lending Act remain, despite the fact that the Complaint omitted federal causes of action when it was filed in the Superior Court.  (Compl. ¶¶ 78-81.)

1    To the extent that Plaintiffs allege various acts of fraud

2  and forgery, they fail to do so with the specificity required by

3  Rule 9(b).  For example, to the extent that Plaintiffs are

4  alleging fraud in relation to their accusations that documents

5  were forged (<u>see</u>, <u>e.g.</u>, <u>id.</u> ¶¶ 67-77), the Complaint fails to

6  provide sufficient details as to the circumstances constituting

7  the fraud, the details as to when they discovered the forgery, or

8  information about why Plaintiffs believe the documents were

9  forged (e.g., they allege the loan amounts were not what they

10 agreed to, but they do not state what they agreed to or attach

11 any documents that might support their forgery or fraud claims).[7]

12 <u>See</u>, <u>e.g.</u>, <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th

13 Cir. 2009) (The heightened pleading requirements of Rule 9(b)

14 require a plaintiff to plead facts as to the "who, what, when,

15 where, and how" of the alleged fraud).

16    Finally, each of Plaintiffs' causes of action merely recite,

17 in the most conclusory fashion, the elements for the particular

18 claim, without specifying any specific facts about these

19 particular parties that might support their claims.  The Court is

20 not inclined to sift through a multitude of paragraphs it has

21 already found fail to comply with the federal rules to search for

22 support to unsupported legal claims.  (<u>Id.</u> ¶¶ 87-145.)

23 ///

24

25    [7] Given that they are now represented by counsel, in the
26 event that Plaintiffs choose to amend their complaint, counsel is
   reminded that, in addition to complying with the pleading
   requirements of Rules 8(a) and 9(b), that every pleading, motion,
27 or other paper filed in this Court is also subject to the
   requirements of Rule 11(b) and failure to adhere to Rule 11(b)
28 will result in sanctions.

1   It has been said before, but it bears saying again, "judges are
2   not like pigs, hunting for truffles buried in briefs." <u>Guatay</u>
3   <u>Christian Fellowship v. County of San Diego</u>, 670 F.3d 957, 987
4   (9th Cir. 2011).   Therefore, Plaintiffs are given leave to amend
5   their brief but must do so in a manner that is consistent with
6   the federal rules.   Failure to do so will result in summary
7   dismissal.

8        In sum, Defendants' Motion to Dismiss is granted with leave
9   to amend.   In addition, because the Court has concluded that
10  Plaintiffs have failed to sufficiently allege facts to support
11  any of their claims, the Court sua sponte dismisses for failure
12  to state a claim as to all remaining Defendants.   Pursuant to
13  Rule 12(b)(6), a court may dismiss a claim sua sponte for failure
14  to state a claim when the plaintiff "cannot possibly win relief."
15  <u>Omar v. Sea-Land Service, Inc.</u>, 813 F.2d 986, 991 (9th Cir. 1987)
16  (citing <u>Wong v. Bell</u>, 642 F.2d 359, 361-62 (9th Cir. 1981)).   A
17  court may do so even when the defendant has not made a motion to
18  dismiss.   <u>Id.</u>; <u>Ricotta v. State of California</u>, 4 F. Supp. 2d 961,
19  968 (S.D. Cal. 1998), aff'd. 173 F.3d 861 (9th Cir. 1999).

20
21                              **CONCLUSION**
22
23       As a matter of law, and for the reasons set forth above,
24  Defendant U.S. Bank N.A., as Trustee, and Mortgage Electronic
25  Registration Systems, Inc.'s Motion to Dismiss Plaintiffs'
26  Complaint (ECF No. 4) is GRANTED with leave to amend.
27  ///
28  ///

In addition, the Court sua sponte DISMISSES, with leave to amend, Plaintiffs' claims against all remaining Defendants for failure to state a claim.  Plaintiffs shall file any amended complaint within twenty (20) days of the filing of this order electronically.

     IT IS SO ORDERED.

Dated: July 13, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE